UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

**DEBRA MARTIN,**                                                  **CIVIL ACTION NO. 08-1476**
**ALVIN ANTHONY WASHINGTON,**
**MARCUS SAM,**
**LASHONDA THOMPSON**

**VERSUS**                                                                       **JUDGE HAIK**

**CITY OF OPELOUSAS, ET AL**                    **MAGISTRATE JUDGE HANNA**

*RULE 7(a) HEIGHTENED PLEADING REVIEW*

In this §1983 civil rights suit, plaintiffs have sued defendants Bobby J. Guidroz, Perry Gallow, Don Cravins, Mike Hidalgo, Clinton Darden, Ronald Papillion, Mike Poter, Deon Boudreaux, Bryan Lafleur, Derrick Miles, Jarad Greene, the Police Department of Opelousas and the City of Opelousas.  In their answers, several of the defendants plead qualified immunity.  The undersigned has therefore conducted an evaluation of plaintiff's complaint to determine whether it meets the applicable heightened pleading requirement.  *See* <u>Schultea v. Wood</u>, 47 F.3d 1427, (5th Cir. 1995); <u>Baker v. Putnal</u>, 75 F.3d 190, 195 (5th Cir. 1996).

Plaintiff alleges as follows:  On October 3, 2007, at approximately 8:00 a.m., deputies of the St. Landry Sheriff's department and police officers from the Opelousas Police department executed a search warrant of plaintiffs Debra Martin's home and Marcus Sams' home.  Martin and Sams are neighbors.  Martin was not completely dressed at the time of the search.  She was not allowed to put on clothes, and she, Thompson, and Washington were all forced brutally to the floor and handcuffed.  The

2

officers searched the house under a search warrant which plaintiffs allege was stale by more than three days.  Martin alleges she was verbally and physically assaulted, and racial slurs were directed at her.  Plaintiffs Washington and Thompson were "threatened with life in jail among other verbal assaults."[1]  Plaintiffs were ultimately arrested.

Plaintiff Sams' residence, next door to Martins', was also searched with a stale "no knock" warrant.  Sams' door was kicked down, and Sams was brutally and violently forced to the floor where he was physically and verbally assaulted by the officer defendants.  Sams' house was illegally searched and his property was destroyed.  He was also arrested.

At the police station, Martin was held despite her son having signed a statement that neither she nor Thompson had any knowledge that marijuana, crack cocaine, and a firearm were in the house.  Martin was released on bond, but was later arrested again in connection with two more charges for possession of crack cocaine and a firearm offense.  As a result, Martin was placed on administrative leave by her employer, the Lafayette Parish Sheriff's Office, and she was eventually terminated.

The undersigned concludes that plaintiffs have "supported [thier] claims with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts." Schultea, 47 F.3d at 1434.  Although the court may later determine the facts in favor of the defendant, the sole issue presented here is whether plaintiff has satisfied the heightened pleading requirement of Shultea,

---

[1] Preliminary Statement (rec. doc. 1), ¶ 20.

3

which the undersigned concludes they have. Thus, no order limiting discovery under Schultea is appropriate.

Signed at Lafayette, Louisiana on this 16th day of February, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)