UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| DEBRA MARTIN, ET AL | CIVIL ACTION NO. 08-1476 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| THE CITY OF OPELOUSAS, ET AL | BY CONSENT OF THE PARTIES |

CONSOLIDATED WITH

| | |
|---|---|
| MARCUS SAMS | CIVIL ACTION NO. 09-1925 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| MIKE HIDALGO | BY CONSENT OF THE PARTIES |

*MEMORANDUM RULING ON PLAINTIFF'S*
*PARTIAL MOTION FOR SUMMARY JUDGMENT*

Before the court is Plaintiffs' Motion for Partial Summary Judgment for Liability

in Reference to Claim One of Plaintiffs' Complaint (Rec. Doc. 65).  The motion is filed in

Civil Action No. 08-1476 only.  The motion is opposed.

*Background and Argument*

Plaintiffs in both cases filed suit against defendants alleging civil rights violations

under federal and Louisiana law, and false arrest and imprisonment.[1]  One group of

defendants are affiliated in various capacities with the St. Landry Parish Sheriffs Office,

and the other with the Opelousas Police Department.  The "St. Landry" defendants are

---

[1]In civil action no. 09-1925, plaintiff Marcus Sams also alleges Mike Hidalgo, a deputy with the
St. Landry Sheriff's Department, engaged in a malicious prosecution of Sams.

Sheriff Bobby J. Guidroz, Deputy Mike Hidalgo, Clinton Darden, Ronald Papillion, Mike

Poter, Deon Boudreaux, Bryan Lafleur, Derrick Miles, Jarad Greene, Richard Ortego, Lee

Callegri and Joe Francis.[2]    The "Opelousas" defendants are the City of Opelousas, the

Police Department of the City of Opelousas, Police Chief Perry Gallow, Don Cravins,

Mark Guidry, and Yolanda Lewis.

In the motion, plaintiffs ask the court to grant summary judgment against

defendants in their individual capacities on Claim One in their Complaint, under 42

U.S.C. §1983.  Plaintiffs Claim One alleges as follows:

> By engaging in a executing a "stale warrant", false arrest, and false
> imprisonment, defendants herein have deprived plaintiffs of their rights,
> remedies, privileges and immunities guaranteed to every citizen of the
> United States, in violation of 42 U.S.C. Section 1983, and of the rights
> guaranteed by the Fourth and Fourteenth Amendments of the United States
> Constitution, and tragically failed to prevent another from doing so.

Plaintiffs' claim under 42 U.S.C. §1983 against defendants is based on the

execution of two search warrants, one for Sams' residence and one for Martins', which

plaintiffs allege were "stale" under Article 163(c) of the Louisiana Code of Criminal

Procedure by more than (3) days.[3]

The parties agree the search warrants were signed by Judge James Doherty on

---

[2]Callegri and Francis were added as "St. Landry" defendants on June 15, 2010, and as of the date
of oral argument had not filed responsive pleadings.

[3]*Complaint* (Rec. Doc. 1), Civil Action No. 08-1476, ¶¶ 19, 22, 36, 40; *Complaint* (Rec. Doc. 1),
Civil Action No. 09-1925, ¶¶ 11, 12, 13, 31.

September 20, 2007, and were executed on October 3, 2007.[4]  However, that is about the

only fact they agree upon.  For example, plaintiffs state the following as material facts:

> 1.    That the following defendants were present and participated in the search and seizure of plaintiffs' home, plaintiffs' person, arrest and imprisonment of plaintiffs on October 3, 2007; Chief Perry Gallow, Sheriff Bobby J. Guidroz, Derrick Miles, Jared Greene, Mark Guidry, Richard Ortego, Brian Lefleur, Clinton Darden, Mike Poter, Ronald Papillion, Mike Hidalgo, and Deon Boudreaux.

In response, the Opelousas defendants deny this most basic material fact, by stating

they did not participate in the search in the house, but remained outside.[5]  The St. Landry

defendants responded as follows:

> The plaintiffs' Statement of Material Fact No. 1 is denied.  It is unsupported and misleading in the inference that each of the individually named defendants entered both residences.  Further, it is incomplete in its failure to specifically identify the alleged action(s) which each individual defendant took *vis-a-vis* each individual plaintiff.  For example, Sheriff Guidroz was not present at the scene of the search and Captain Hidalgo, though present, was recovering from hernia surgery and accordingly was incapable of participating in the search of either residence.[6]

 In addition to disputing almost every fact listed as material by plaintiffs,

---

[4]See *Statement of Material Facts* (Rec. Doc. 65-1), ¶ 4; *Reply to the Plaintiffs' Statement of Material Facts* (Rec. Doc. 126), ¶ 5;

[5]*Formal Response to Plaintiffs' Statement of Material Facts* (Rec. Doc. 128), p. 1.The undersigned also notes the only Opelousas defendants listed are Perry Gallow and Mark Guidry. and Don Cravins and Yolanda Lewis are not mentioned. Plaintiffs clarified in a subsequent briefing that the only Opelousas defendants against whom summary judgment is sought on this claim are Perry Gallow and Mark Guidry in their individual capacities.

[6]*Reply to the Plaintiffs' Statement of Material Facts* (Rec. Doc. 126), p. 2.

defendants also argue plaintiffs have provided primarily hearsay evidence in support of

their motion, which is insufficient support.  Moreover, defendants argue, even if the

search warrants were untimely executed under Louisiana law, plaintiffs have not meet

their burden of proving the absence of probable cause to support the searches and

subsequent arrests of plaintiffs.  Finally, defendants argue their actions were reasonable

and they are entitled to qualified immunity.

### *Applicable Law and Discussion*

*Summary Judgment Standard*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment

"shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and

admissions on file, together with the affidavits, if any, show that there is no genuine issue

as to any material fact and that the moving party is entitled to a judgment as a matter of

law." Fed.R.Civ.P. 56(c). The materiality of facts is determined by the substantive law's

identification of which facts are critical and which facts are irrelevant. Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is

material if it "might affect the outcome of the suit under the governing law." Id.

If the dispositive issue is one on which the nonmoving party will bear the burden

of proof at trial, the moving party may satisfy its summary judgment burden by merely

pointing out that the evidence in the record contains insufficient proof concerning an

essential element of the nonmoving party's claim. See Celotex Corp. v. Catrett, 477 U.S.

317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Once the moving party carries its

burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and

by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions

on file,' designate 'specific facts showing that there is a genuine issue for trial.' "

Celotex, 477 U.S. at 324; see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio

Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Auguster v. Vermillion

Parish School Bd., 249 F.3d 400, 402 (5th Cir.2001).

*Discussion*

Plaintiffs' argument for summary judgment appears to be based on the underlying

assumption that the untimely execution of a search warrant under Louisiana law is a *per

se* violation of a persons' constitutional rights to be free from unreasonable searches and

seizures.  The undersigned asked for briefing on this issue and neither party was able to

point to specific authority on this issue.  Therefore, the undersigned specifically declines

to rule on this issue at this juncture.  However, even if this were a correct assumption,

there are multiple disputed material facts in this matter even to the most basic extent of

which defendants were present and participated in the search and which were not.[7]

Therefore, the undersigned finds plaintiffs have not met their burden of proof necessary

to support their motion.  There are multiple disputed material facts and plaintiffs are not

---

[7]The parties cannot even agree whether St. Landry Parish Sheriff Bobby J. Guidroz was present at the scene of the search or not, and have filed contrary affidavits in support of their assertions.  See Rec. Docs. 125-3 and 130-1, 130-2.

entitled to judgment as a matter of law.  Therefore, plaintiffs' motion for partial summary

judgment will be denied.

Lafayette, Louisiana, this 4th day of August 2010.