# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| **DEBRA MARTIN, ET AL** | **CIVIL ACTION NO. 08-1476** |
| **VERSUS** | **MAGISTRATE JUDGE HANNA** |
| **THE CITY OF OPELOUSAS, ET AL** | **BY CONSENT OF THE PARTIES** |

### CONSOLIDATED WITH

| | |
|---|---|
| **MARCUS SAMS** | **CIVIL ACTION NO. 09-1925** |
| **VERSUS** | **MAGISTRATE JUDGE HANNA** |
| **MIKE HIDALGO** | **BY CONSENT OF THE PARTIES** |

### *MEMORANDUM RULING ON MOTION*
### *FOR SUMMARY JUDGMENT AND MOTION TO COMPEL*

Before the undersigned is a Motion for Summary Judgment filed by the defendants remaining in Civil Action 08-1476:  Officers Mark Guidry and Yolanda Lewis, sued in their individual capacities; Opelousas Chief of Police Perry Gallow, sued in his individual and official capacities; and,  the City of Opelousas through its Mayor, Don Cravins.[1] (Rec. Doc. 153).   In response to the motion, plaintiffs filed a Motion to Compel Responses to Discovery (Rec. Doc. 183) and an opposition to the motion.

In the motion for summary judgment defendants Guidry, Lewis, and Gallow ask that all claims against them be dismissed as none were personally involved in obtaining

---

[1]The litigation was resolved as to St. Landry Sheriff's Department defendants in both cases, which entirely resolved Civil Action 09-1925.

1

the search warrant or in the actual search, nor did they know the search warrant was stale. Defendants argue there is no evidence that they knowingly or willfully violated any of the plaintiffs' constitutional rights.

The City of Opelousas asks to be dismissed because as a municipal entity, it does not participate in the policy making of the Opelousas Police Department (OPD). In support, an Affidavit of Perry Gallow, Chief of Police for the City of Opelousas is attached that states "[t]he City of Opelousas, as a municipal entity, has no authority over the day-to-day operations of the OPD, other than to set, and fund, the annual budget of the OPD."[2] Police Chief Gallow asserts there is no evidence that any policy, practice or custom of the Opelousas Police Department caused any constitutional violation, so all claims against him in his official capacity as the Chief of Police for the City of Opelousas must be dismissed.

Defendants Guidry, Lewis and Gallow also argue they are entitled to qualified immunity because they "undoubtedly believed that the search warrant secured by the St. Landry Sherriff's [sic] Department was facially valid and presumed lawful to execute on the premises in question."[3] In addition to qualified immunity on the federal law claims brought against them, defendants also argue they are entitled to qualified immunity on

---

[2] *Affidavit* (Rec. Doc. 153-2).

[3] *Defendants' Memorandum in Support of Motion for Summary Judgment* (Rec. Doc. 153-3), p. 10.

any state law claims for violation of any provisions of the Louisiana Constitution.[4]

Defendants supplied a list of undisputed material facts, which states defendants Guidry, Lewis and Gallow had no personal involvement or participation in the search of the premises, were not affiants on the search warrant, and provided no information to St. Landry Parish Detective Derrick Miles who was the sole affiant on the search warrant. Defendants also attached an Affidavit of defendant Gallow, who stated he, Guidry and Lewis were present during the search of the plaintiffs' homes, but that neither he, Guidry nor Lewis "participated in obtaining the warrant in question, executing the warrant, or otherwise searching the premises."[5]

Plaintiffs filed a memorandum and statement of material facts in opposition to the motion, but supplied no evidence.  Plaintiffs filed a motion to compel in which they argue defendants have refused to answer discovery propounded back in 2009, and because of the lack of discovery responses plaintiffs could not oppose the motion.  Counsel agreed the requested discovery was subject to a previous motion to compel that had been compromised.[6]

At oral argument, counsel for defendants explained that plaintiffs' counsel never properly served him with the discovery requests, so he never responded.  Counsel

[4]*Id.*, p. 11, citing <u>Burge v. Parish of St. Tammany</u>, 187 F.3d 452 (5th Cir. 1999); <u>Jackson v. State of Louisiana, through the Department of Corrections</u>, 785 So.2d 803 (La. 2001); <u>Moresi v. State of Louisiana, through the Department of Wildlife and Fisheries</u>, 567 So.2d 1081 (La. 1990).

[5]*Affidavit.*  (Rec. Doc. 153-2).

[6]See Minutes and Ruling on Motion to Compel Discovery (Rec. Doc. 67).

3

explained defendants' depositions were scheduled, but plaintiffs' counsel cancelled them and never asked that they be rescheduled.

Counsel for plaintiffs explained he cancelled the defendants' depositions because he had not received the requested discovery responses.   However, he never filed another motion to compel or asked for any other court assistance when he did not receive the discovery as agreed to until after the motion for summary judgment was filed.

Counsel for plaintiffs argued the claims against Yolanda Lewis are not based on her search of the house, but on her performance of a cavity search of plaintiff  Lashonda Thomas.[7]  Counsel also stated defendant Guidry performed a perimeter search of the house and questioned Debra Martin about the whereabouts of an individual.

***Applicable Law and Discussion***

<u>*Summary Judgment Standard*</u>

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. <u>Anderson v.</u>

---

[7]Plaintiff is named in the Complaint as Lashonda Thompson, not Thomas.  However, it appears her last name is actually Thomas, as that is the name given on her voluntary statement to the police filed in the record.  See Lashonda Thomas' Voluntary Statement. (Rec. Doc. 65-5).

Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." Id.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Celotex, 477 U.S. at 324; see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Auguster v. Vermillion Parish School Bd., 249 F.3d 400, 402 (5th Cir.2001).

*42 U.S.C. § 1983*

The elements of a claim under 42 U.S.C. § 1983 are: (1) that the conduct in question deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States; and (2) that the conduct complained of was committed by a person acting under color of state law. See 42 U.S.C. § 1983; Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). The plaintiff has the burden of proving a civil rights violation under § 1983 by a preponderance of the evidence.

5

The first inquiry in a § 1983 suit is "to isolate the precise constitutional violation with which [the defendant] is charged." Baker v. McCollan, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979).  In this case, plaintiffs have alleged defendants participated in a search of their homes without a valid warrant and used excessive force during their arrests. Where a claim is that law enforcement officers have used excessive force in the course of an arrest, the proper analysis is under the Fourth Amendment and its reasonableness standard. Graham v. Connor, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871(1989).

The Fourth Amendment guarantees an individual the right to be secure against "unreasonable searches and seizures" of their "persons, houses, papers, and effects." See e.g., Florida v. Jimeno, 500 U.S. 248, 250, 111 S.Ct. 1801, 1803, 114 L.Ed.2d 297 (1991); Payton v. New York, 445 U.S. 573, 584-90, 100 S.Ct. 1371, 1378-82, 63 L.Ed.2d 639 (1980).  The Fourth Amendment requires the state to have a warrant based upon probable cause to enter a person's home to conduct a search and seizure. Warrantless searches and seizures inside a home are per se unreasonable, and therefore unconstitutional, unless they fall into one of the few specifically established and well-defined exceptions to the general rule. See Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 2043, 36 L.Ed.2d 854 (1973). In this matter, defendants have stipulated that the searches and seizures were conducted pursuant to a stale warrant.

*Qualified Immunity*

6

Government officials who perform discretionary functions are entitled to qualified immunity shielding them from individual liability as long as their actions do not violate clearly established statutory or constitutional rights of which a reasonable person in the defendant's position would have known. <u>Anderson v. Creighton</u>, 483 U.S. 635, 638-39, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987).  The applicable standard for examining qualified immunity is one of objective legal reasonableness in light of the rights of the parties involved. <u>Davis v. Scherer</u>, 468 U.S. 183, 191, 104 S.Ct. 3012, 3017, 82 L.Ed.2d 139 (1984). Claims of immunity are thus to be analyzed by whether a reasonable official in the defendant's position could have believed that his conduct was lawful in light of the clearly established law and the information he possessed. <u>Anderson</u>, 483 U.S. at 641, 107 S.Ct. at 3040.

The defendant bears the initial burden of establishing that he was acting within the scope of his discretionary authority during the incident in question.  <u>Salas v. Carpenter</u>, 980 F.2d 299, 306 (5th Cir.1992).  If the defendant meets this burden, then it shifts to the plaintiff. <u>Salas v. Carpenter</u>, 980 F.2d 299, 306 (5th Cir.1992).  Plaintiff has the burden to show that the law was clearly established when the violation occurred and that the defendant did not have an objectively reasonable belief that his conduct did not violate that clearly-established law. See e.g., <u>Burns-Toole v. Byrne</u>, 11 F.3d 1270, 1274 (5th Cir. 1994).

***Motion to Compel***

In their motion to compel, plaintiffs argue they are unable to oppose the summary judgment motion without the requested discovery.  An identical motion to compel was filed previously and compromised in December, 2009.[8]   At oral argument, when asked by the Court exactly what discovery plaintiffs needed to oppose the summary judgment motion, counsel stated plaintiffs needed the policy and procedures manual of the Opelousas Police Department.  However, as discussed below, there is no evidence these defendants participated in any search or seizure and the relevance of any such policy manual is unclear absent evidence of any action taken by defendants.

Plaintiffs have had ample time and opportunity for discovery.  The depositions of defendants were scheduled by defendants themselves, but cancelled by plaintiffs.  While plaintiffs argue they cancelled defendants' depositions because they did not have necessary written discovery, plaintiffs never requested any court assistance in retrieving any necessary discovery until after the motion for summary judgment was filed.

The Court finds the requested discovery unnecessary to oppose the motion for summary judgment and the motion to compel dilatory.  Therefore, the motion to compel is denied.

***Claims by LaShonda Thomas Against Yolanda Lewis for Violation of her Fourth or Fourteenth Amendment Rights to Be Free from Unreasonable Search or Seizures in Conducting a Cavity Search***

_____

[8]See *Minutes and Ruling on Motion to Compel Discovery* of December 16, 2009. (Rec. Doc. 67).

In opposition to the motion for summary judgment, plaintiffs argue they alleged defendant Yolanda Lewis conducted a cavity search of plaintiff Lashonda Thomas, presumably after her arrest, and that search is the basis of the complaint against Lewis – not the search of Martin's residence.  However, there is no allegation of any cavity search in either the original nor any of the amended complaints, nor is a cavity search listed in plaintiffs' Statement of Material Facts.   There is a statement made in a brief filed in support of plaintiffs' earlier filed motion for partial summary judgment that Thomas was subjected to a strip search, and that brief references an affidavit by Thomas to that effect.  However, there is no affidavit by Thomas in the record.[9]   In fact, there is no evidence in the record in any form – neither affidavit nor deposition excerpts – that supports any finding that Lashonda Thomas was subjected to either a strip or a cavity search.

Therefore, the undersigned finds defendant Yolanda Lewis, as the moving party, has satisfied her summary judgment burden by showing not only is there insufficient evidence in the record concerning this claim, there is not even an allegation of any such search other than in plaintiffs' memoranda.  After Lewis met her burden under Rule 56(c), Thomas was required to go beyond the pleadings and by affidavit or other evidence show there is a genuine issue for trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Thomas has not done so.  Therefore, defendant

---

[9]In the previously filed motion for partial summary judgment filed by the plaintiffs, a voluntary statement by Lashonda Thomas was attached as an exhibit.   While the purpose of the Voluntary Statement was probably not to complain about her experience, there is no mention of a cavity, or any, search. See Exhibit 6, Lashonda Thomas' Voluntary Statement. (Rec. Doc. 65-5).

Yolanda Lewis is entitled to summary judgment on any claims against her by Thomas that Lewis performed any search of Thomas in violation of her Fourth or Fourteenth Amendment rights.

***Claims Against the Opelousas Chief of Police Perry Gallow in his Official Capacity and against the City of Opelousas through its Mayor, Don Cravins for Violation of Plaintiffs' Fourth Amendment Rights to Be Free from Unreasonable Searches or Seizures***

An official capacity suit against an individual is considered a suit against the public entity.  McMillian v. Monroe County, Ala., 520 U.S. 781, 784-86 (1997).  A public entity cannot be responsible for damages under Section 1983 on a vicarious liability theory – it must be shown that a policy or custom caused the constitutional violation. Monell v. New York City Dep't. of Social Serv., 436 U.S. 658, 690, 694, 98 S.Ct. 2018, 2037-2038 (1978); Burge v. St. Tammany Parish, 336 F.3d 363, 370, n. 2 (5th Cir. 2003).

Defendants have met their burden of proof that there is no evidence in the record to support a finding that either the Opelousas Police Department (OPD) or the City of Opelousas had any policy or custom of participating or aiding in the execution of stale search warrants.  Moreover, according to the Affidavit of Police Chief Gallow, the City of Opelousas has no authority over the OPD except to set and fund its annual budget.

Plaintiffs have introduced no evidence that there was any custom or policy by Chief Perry Gallow, the OPD, or the City of Opelousas through Mayor Donald Cravins that caused the alleged constitutional violations.  Therefore, summary judgment will be granted dismissing all claims against the City of Opelousas through its Mayor Donald

Cravins and Opelousas Chief of Police Perry Gallow in his official capacity.

***Claims Against Officers Yolanda Lewis, Mark Guidry and Police Chief Perry Gallow in their Individual Capacities for Violation of Plaintiffs' Fourth Amendment Rights to Be Free from Unreasonable Searches or Seizures or Excessive Force***

Defendant introduced evidence in the form of the Affidavit by defendant Gallow that none of the defendants, neither Gallow, Guidry, or Lewis, participated in the searches or the arrests in which excessive force was alleged, but were there only in a support capacity, if support became necessary, on the request of the St. Landry Parish Sheriff's Office.  The only evidence of any involvement by these defendants in the record is that Guidry went in Martin's yard and did a cursory search of same and questioned Martin about the whereabouts of an individual.  It is questionable whether these actions by defendants at the scene of the search even rise to the level of state action necessary for a § 1983 violation.[10]   However, even if defendants' presence at the scene outside, the cursory search of the yard, and asking a question about another person's whereabouts is sufficient for state action, there is no evidence submitted by plaintiffs that there was any unreasonable search or seizure or use of any force by these defendants in violation of their constitutional rights or that would subject defendants to any tort liability.  Therefore, summary judgment will be granted dismissing all claims against defendants Gallow,

---

[10]Courts have held that mere presence at the scene to prevent a breach of the peace does not violate § 1983 because the requisite state action is lacking. See Williams v. Goldsmith, 4 F.Supp.2d 1112, 1124-25 (M.D.Ala.1998); Cofield v. Randolph County Comm'n, 90 F.3d 468, 471-72 (11th Cir.1996); Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 512 (5th Cir. 1980). While defendants were there arguably with more capacity than to keep the peace, there is no evidence they were anything more than bystanders who looked around a yard and asked a question.

Guidry and Lewis in their individual capacities.

*Conclusion*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the undersigned finds that there is no genuine issue as to any material fact and that defendants are entitled to summary judgment on all claims made against them.  Having found no evidence of participation by any of the defendants in a violation of any of the plaintiffs' constitutional rights, the undersigned does not reach the issue of qualified immunity.

For the reasons given above,

**IT IS ORDERED** that plaintiffs' Motion to Compel Responses to Discovery (Rec. Doc. 183) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants Motion for Summary Judgment (Rec. Doc. 153) is **GRANTED**.

Lafayette, Louisiana this 28TH day of October, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

12